CUAUTEMOC ORTEGA (Cal. Bar No. 257443)
Interim Federal Public Defender
JONATHAN C. AMINOFF (Cal. Bar No. 259290)
(E-Mail: Jonathan_Aminoff@fd.org)
CELESTE BACCHI (Cal. Bar No. 307119)
(E-Mail: Celeste_Bacchi@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5374
Facsimile: (213) 894-0310

Attorneys for Defendant/Movant
Lezmond Charles Mitchell

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lezmond Charles Mitchell,<br><br>Defendant/Movant,<br><br>v.<br><br>United States of America,<br><br>Plaintiff/Respondent. | No. Unassigned<br><br>Criminal No. 3:01-CR-01062-DGC<br><br>(Civil No. 3:09-CV-08089-DGC)<br><br>**DEATH-PENALTY CASE**<br><br>**EXECUTION SET FOR AUGUST 26, 2020**<br><br>Honorable David G. Campbell<br>United States District Judge<br><br>**NOTICE OF MOTION AND MOTION FOR STAY OF EXECUTION**<br><br>**Oral Argument Requested** |

**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lezmond Charles Mitchell,<br><br>Defendant/Movant,<br><br>v.<br><br>United States of America<br><br>Plaintiff/Respondent. | No. Unassigned<br>Criminal No. 3: 01-CR-01062-DGC<br>(Civil No. 3:09-CV-08089-DGC)<br><br>**EXECUTION SET FOR AUGUST 26, 2020**<br><br>Honorable David G. Campbell<br>United States District Judge<br><br>**MOTION FOR STAY OF EXECUTION**<br><br>**Oral Argument Requested** |

Movant Lezmond Charles Mitchell moves the Court for a stay barring his execution before the resolution of this litigation. This motion is based on the attached memorandum of points and authorities, the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, and exhibits thereto, and all the files and records of this case.

Respectfully submitted,

Dated: August 20, 2020

*<u>/s/ Jonathan Aminoff</u>*
JONATHAN AMINOFF
CELESTE BACCHI
Deputy Federal Public Defenders

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. PROCEDURAL AND FACTUAL BACKGROUND ........ 1

A. Proceedings before U.S. Courts ........ 1

B. Proceedings before the IACHR ........ 2

III. THE COURT SHOULD GRANT A STAY UNDER *HILL v. MCDONOUGH* ........ 3

A. Lezmond Mitchell presents a substantial case for relief on the merits of his claim that the U.S. violated his human rights under the American Declaration. ........ 4

B. Mitchell faces the greatest possible irreparable harm. ........ 6

C. The balance of equities favors a stay. ........ 7

D. The public interest favors a stay. ........ 8

E. Mitchell has not unnecessarily delayed in bringing his motion ........ 9

IV. CONCLUSION ........ 9

## I. INTRODUCTION

Lezmond Mitchell seeks to litigate the merits of a determination by the Inter-American Commission on Human Rights ("IACHR" or "Commission") that his conviction, sentence, and imminent execution violate his rights guaranteed by the American Declaration of Human Rights ("American Declaration"). A stay of execution would allow the Court to consider his claims before the Government executes him in an illegal manner. Because Mitchell is likely to succeed in his Motion and the balance of equities tips strongly in his favor, he respectfully requests that this Court grant him a stay of execution.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Proceedings before U.S. Courts

On May 20, 2003, a jury recommended that this Court sentence Mitchell to death. On September 15, 2003, this Court formally sentenced Mitchell to death. The details of the trial are well known to the Court and are summarized in *United States v. Mitchell (Mitchell I)*, 502 F.3d 931, 942-946 (9th Cir. 2007) and *Mitchell v. United States (Mitchell II)*, 790 F.3d 881, 883-85 (9th Cir. 2015).

Mitchell's conviction and sentence were affirmed on direct appeal. *Mitchell I*, 502 F.3d 931. On June 8, 2009, Mitchell filed a motion under 28 U.S.C. § 2255 (or in the alternative, under 28 U.S.C. § 2241) to vacate, set aside, or correct his sentence based on numerous violations of Mitchell's constitutional rights that occurred during the guilt and penalty phases of his trial. *See Mitchell v. United States*, D. Ariz. Case No. 09-CV-8089, Dkt. No 9. Among these was a claim of ineffective assistance of counsel at trial for failure to challenge jury selection. Mitchell moved the Court for authorization to interview jurors from his capital trial. The Court denied the request, and Mitchell amended his § 2255 motion to include a claim that this Court violated his constitutional rights by denying him access to jurors. The Court denied the motion on September 30, 2010, as well as the motion for an evidentiary hearing. *Mitchell v. United States*, 2010 WL 3895691 (D. Ariz. Sept. 30, 2010). Mitchell appealed, and on

June 19, 2015, the Ninth Circuit affirmed this Court's judgment, but did not address the juror-interview issue. *Mitchell II*, 790 F.3d 881. The Supreme Court denied Mitchell's petition for certiorari on October 3, 2016. *Mitchell v. United States*, 137 S. Ct. 38 (2016).

On March 5, 2018, Mitchell filed a motion in this Court to re-open his § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that the Supreme Court's decision in *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017), established that he was erroneously denied the opportunity to interview jurors from his capital trial. This Court denied the motion on September 18, 2018, and the Ninth Circuit affirmed. *Mitchell v. United States (Mitchell IV)*, 958 F.3d 775 (9th Cir. 2020).

Mitchell's execution is scheduled for August 26, 2020.

**B. Proceedings before the IACHR**

After Mitchell's § 2255 motion was denied, on April 3, 2017, Mitchell timely filed a petition against the United States before the IACHR, alleging his death sentence was imposed in violation of the American Declaration, specifically Articles I (right to life and liberty); II (right to equality before the law); III (right to religious freedom and worship); XIII (right to the benefits of culture); XVIII (right to a fair trial); XIX (right to nationality); XXV (right to have the legality of his detention ascertained without delay); and XXVI (right to due process of law). Mitchell requested the Commission issue precautionary measures against the United States, pursuant to Article 25.1 of its Rules of Procedure, to suspend his execution pending consideration of his petition by the Commission. (IACHR, Report No. 193/20. Case 13.570, Admissibility and Merits. Lezmond C. Mitchell, United States of America, August 12, 2020) ("IACHR Mitchell Report").)

On July 2, 2017, the Commission issued Resolution 21/2017 granting precautionary measures in favor of Mitchell, requesting the United States "adopt the necessary measures to preserve the life and physical integrity of Mr. Lezmond Mitchell until the IACHR has ruled on his petition, so as not to render ineffective the processing

of his case before the inter-American system," pursuant to the United States' "obligations . . . in regard to human rights as a member of the OAS." (Commission Resolution 21/2017, July 2, 2017). On September 21, 2017, the United States submitted a response to Mitchell's petition. (Petition No. P-627-17, Lezmond C. Mitchell, Response of the United States of America, Sept. 21, 2017.) Over the next three years, the parties engaged in extensive briefing regarding the admissibility and the merits of Mitchell's petition.

On July 14, 2020, the Commission issued a decision in Mitchell's case, ruling the United States had violated Mitchell's rights under Articles I, XVIII, XXV, and XXVI of the Declaration. *See* IACHR Mitchell Report (attached to concurrently filed section 2255 motion). On August 12, 2020, the Commission issued its final report in Mitchell's case.

Mitchell now files this motion for stay, pending the resolution of his concurrently filed § 2255 motion to vacate, set aside, or correct his sentence in light of the judgment from the IACHR that Mitchell's rights under the American Declaration have been and will be violated if this Court does not intervene to stop his execution and grant relief.

## III. THE COURT SHOULD GRANT A STAY UNDER *HILL v. MCDONOUGH*

In *Hill v. McDonough*, 547 U.S. 573, 584 (2006), and *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004), the Supreme Court held that "like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Hill*, 547 U.S. at 584. In considering a request for a stay of execution, the Court considers "not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson*, 541 U.S. at 649-50. In order to obtain a stay of execution as a matter of equity, a death-row prisoner must show that the following four factors, balanced against each other, weigh in his favor: (1) there is a

likelihood of success on the merits; (2) there is a likelihood of irreparable harm unless a stay is issued; (3) the balance of hardships tips in the prisoner's favor; and (4) a stay is in the public interest. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) (citing *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7 (2008)). "[A] stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012); *see also Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (same).

**A. Lezmond Mitchell presents a substantial case for relief on the merits of his claim that the U.S. violated his human rights under the American Declaration.**

It is Mitchell's burden to establish that his appeal presents a "substantial case for relief on the merits." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012). While the Ninth Circuit has not yet clearly defined that phrase, "[o]ften a 'substantial case' is one that raises genuine matters of first impression within the Ninth Circuit." *Morse v. ServiceMaster Global Holdings, Inc.*, 2013 U.S. Dist. LEXIS 3663, at *3 (N.D. Cal. Jan. 8, 2013) (citing *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990)).

Mitchell is likely to succeed in his claims that he is entitled to relief because the IACHR has ruled that his conviction and death sentence violate Articles I, XVIII, XXV, and XXVI of the American Declaration, and this Court is bound to enforce the rulings of the Commission. *See* IACHR Mitchell Report. As laid out in his concurrently filed § 2255 motion, the IACHR ruled that Mitchell's human rights under the American Declaration were violated, specifically: 1) the right to be free from unlawful and arbitrary arrest (Article XXV); 2) the right to a fair trial and to due process of law (Articles XVIII and XXVI); 3) the right to effective assistance of counsel (Articles XVIII and XXVI); 4) the right to effective legal remedies, i.e., effective review or appeal from a determination that the death penalty was the appropriate sentence in his case (Articles XVIII and XXVI); and 5) the right to be free from cruel, infamous, or

unusual punishment (Articles XXV and XXVI). In addition, the Commission ruled that executing Mitchell in light of these violations "would be extremely grave and constitute a deliberate violation of the right to life established in Article I of the American Declaration." IACHR Mitchell Report, at 26.

Mitchell is likely to succeed on the merits because he already succeeded on the merits of these claims before the Commission, and the Commission's ruling is binding on this Court. As established in Mitchell's concurrently filed § 2255 motion, the United States is a member of the Organization of American States (OAS), whose charter the U.S. ratified in 1951. 2. U.S.T. 2349, T.I.A.S. No. 2361, 119 U.N.T.S. 3. The Inter-American system of human rights was first put in place with the adoption of the OAS Charter and the American Declaration in 1947, at a conference where the U.S. Government was an active participant. *See* 119 U.N.T.S. 3, 2 U.S.T. 2394, T.I.A.S. No. 2361, OEA/Ser.L.V/II.82 doc.6 rev.1 at 17 (1992). The United States signed and ratified without reservation amendments to the OAS Charter that made the Commission a principal organ through which the OAS accomplishes its purposes, including the protection of human rights. 721 U.N.T.S. 324, 21 U.S.T. 607, T.I.A.S. No. 6847.

The Commission's Report findings that Mitchell's human rights were violated are binding on the United States because: 1) they are derived directly from the OAS Charter, a treaty within the meaning of the U.S. Constitution, and 2) they are derived, through the OAS Charter, from the American Declaration, a statement of human rights norms the United States has not only adopted, but helped to draft. The Supremacy Clause of the Constitution binds courts to enforce treaties. U.S. Const. art. VI, cl. 2. This Court is thus bound to enforce the terms of the OAS treaty, whether or not the treaty is self-executing. *See, e.g., United States v. Noriega*, 808 F. Supp. 791, 799 (S.D. Fla. 1992) (holding that the United States is obligated to observe the provisions of the Geneva Convention regardless of whether the treaty was self-executing). For these reasons, and because Mitchell's constitutional rights were violated, as detailed in the concurrently filed § 2255 motion, this Court is obligated to follow the Commission's

recommendation that Mitchell be granted a new trial and/or sentencing, in accordance with domestic and international law, as well as the express wishes of the Navajo Nation, which exercised its federally recognized "tribal option" not to authorize the Government to seek the death penalty against Mitchell. *See* 18 U.S.C. § 3598.

If the Court does not find that Mitchell has established a likelihood of success on the merits, this finding is not fatal to Mitchell's entitlement to a stay. Mitchell may alternatively demonstrate that "serious questions going to the merits" of his claims are presented in his appeal, and obtain a stay as long as the other factors weigh in his favor. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Mitchell's motion, at minimum, raises substantial questions about whether Mitchell's rights under the American Declaration and the U.S. Constitution and federal law were violated, and whether this Court is bound to enforce the judgment of the Commission finding that his rights were in fact violated. Because the balance of hardships tilts strongly in his favor, a stay of execution is appropriate. *Id.* at 1131-32.

Finally, even if the Court finds that Mitchell has not demonstrated a likelihood of success on the merits, nor that he has demonstrated "serious questions going to the merits" of his claims, this Court should grant Mitchell's motion to stay. The Ninth Circuit has not yet ruled on the impact of an IACHR decision on a federal capital case, and this Court should give the Ninth Circuit the opportunity to do so by issuing the stay, and allowing litigation on this important issue to go forward. This case "is one that raises genuine matters of first impression within the Ninth Circuit," and Mitchell is therefore entitled to a stay. *Morse*, 2013 U.S. Dist. LEXIS 3663, at *3 (N.D. Cal. Jan. 8, 2013) (citing *Britton*, 916 F.2d at 1412).

**B. Mitchell faces the greatest possible irreparable harm.**

Absent a stay, Mitchell could be executed before he can pursue this litigation seeking redress for violations of his rights under the American Declaration. The harm could not be greater or more irreparable. *See, e.g.*, *Wainwright v. Booker*, 473 U.S. 935, n.1 (1985) (Powell, J., concurring in decision to vacate stay of execution) ("The third

requirement—that irreparable harm will result if a stay is not granted—is necessarily present in capital cases."); *Evans v. Bennett*, 440 U.S. 1301, 1306 (1979) (granting stay of execution in light of the "obviously irreversible nature of the death penalty"). The IACHR has already determined that Mitchell's human rights were violated pursuant to a treaty that is binding on the United States, in a judgment this Court is bound to enforce.

**C. The balance of equities favors a stay.**

In contrast, the Government will not be irreparably harmed if Mitchell's execution is stayed. While the Government in opposing stays of execution often claims an interest in the enforcement of criminal judgments, here that interest depends on whether the Government's noticed execution even constitutes a valid enforcement of the judgment and sentence entered by this Court. The Government cannot suffer harm from an order that merely restrains an unlawful action. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("[T]he INS cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations.").

Wasted preparation efforts are inadequate to demonstrate irreparable harm to the Government. *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) ("The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough.")). Moreover, the Government could mitigate any potential financial harm by promptly stopping any preparations for Mitchell's execution.

Nor does the Government have any persuasive argument that delaying Mitchell's execution for the period of this litigation undermines its interest in the timely enforcement of capital punishment. The Government has stated that "a scheduled federal execution date cannot readily be moved in light of BOP contractor availability and other complex logistical consideration." *Mitchell v. U.S.*, No. 18-17031 (9th Cir., July 29, 2020), Dkt. 47. In support of this statement, it cited an application filed in the

Supreme Court, which states that if the execution in question were delayed, it could not be rescheduled for at least *one* month. *Id*. (citing *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (July 14, 2020)). In contrast, prior to this year, the Government had not executed a federal prisoner since 2003, and the Government itself suspended executions from 2011 until 2019. The Government's years-long delay in generating any execution protocols dwarfs its expected delay in rescheduling, and undermines any purported claim of urgency. *Osorio-Martinez v. Attorney Gen. of the U.S.*, 893 F.3d 153, 179 (3d Cir. 2018) ("the fact that the Government has not—until now—sought to" act "undermines any urgency" to do so now).

Whatever urgency may exist, it was manufactured by the Government when it chose to set an execution date with just 28 days' notice at a time when the Ninth Circuit's stay order was still in effect. "That the government's asserted harm is largely self-inflicted 'severely undermines' its claim for equitable relief." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020) (quoting *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993)).

**D. The public interest favors a stay.**

"The decision to seek the death penalty in Mitchell's case was made against the express wishes of the Navajo Nation, [and] several members of the victims' family," who are members of the Navajo Nation. *Mitchell IV*, 958 F.3d at 793 (Christen, J., concurring). Navajo "culture and religion teaches us to value life and instruct against the taking of human life for vengeance." *Id.* It certainly upholds no interest of the victims' family or the Navajo Nation to carry out Mitchell's execution before ensuring that it proceeds in a manner prescribed by law and the Court's judgment.

The public at large also has an interest in making sure that the United States honors its treaty obligations, and that courts enforce decisions ruling that a person's human rights have been violated pursuant to that treaty. This interest is all the more weighty when it implicates the most solemn act the Government can undertake—killing a person.

For all of these reasons, the public interest favors a stay to permit consideration of Mitchell's motion.

**E. Mitchell has not unnecessarily delayed in bringing his motion.**

On July 29, 2020, the Government provided Mitchell notice of its intent to execute him pursuant to 28 CFR 26.3(a)(1). On August 12, 2020, the Commission issued its final report in Mitchell's case, giving rise to the claims asserted in his concurrently filed § 2255 motion. Mitchell filed his motion eight days later on August 20, 2020. Thus, Mitchell has acted promptly to prevent the Government from executing him in contravention of his human rights, as determined by an international body whose authority the United States is bound to respect through its treaty obligations. He has not waited until the eve of execution, and the proximity of his motion and execution date are not caused by any delay on Mitchell's part.

## IV. CONCLUSION

Because Mitchell presents, at least, a serious question on the merits of his claims and the balance of equities tilts sharply in his favor, this Court should grant a stay of execution until the resolution of his motion.

Respectfully submitted,

CUAUTEMOC ORTEGA
Interim Federal Public Defender

DATED: August 20, 2020 By */s/ Jonathan Aminoff*

JONATHAN C. AMINOFF
CELESTE BACCHI
Deputy Federal Public Defenders

Attorneys for Defendant
Lezmond Charles Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William G. Voit, Assistant U.S. Attorney
Arizona State Bar No. 025808
William.Voit@usdoj.gov

Sharon Sexton, Assistant U.S. Attorney
Arizona State Bar No. 012359
Sharon.Sexton@usdoj.gov

Krissa M. Lanham
Arizona State Bar No. 035085
Krissa.Lanham@usdoj.gov

*/s/ Iliana Hernandez*
Iliana Hernandez