MICHAEL BAILEY
United States Attorney
District of Arizona
KRISSA M. LANHAM
Arizona State Bar No. 035085
WILLIAM G. VOIT
Arizona State Bar No. 025808
Email: William.Voit@usdoj.gov
SHARON K. SEXTON
Arizona State Bar No. 012359
Email: Sharon.Sexton@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Charles Mitchell,<br>Defendant/Movant,<br>v.<br>United States of America,<br>Plaintiff/Respondent. | No. CV-20-8217-PCT-DGC<br>**RESPONSE TO MOTION FOR STAY OF EXECUTION (CR 3)**<br>**(Capital Case)** |

Defendant Mitchell is again before this Court after having been convicted and sentenced to death for the 2001 carjacking, torture, murder, and dismemberment of a grandmother and her nine-year-old granddaughter. In the nearly two decades of ensuing litigation, his conviction and sentence have been consistently upheld by every court to review them.

Mitchell filed a first motion to vacate his conviction under 28 U.S.C. § 2255 in June 2009. (CV-09-8089-PCT-DGC, Doc. 9.) The Court denied the motion in October 2010, and Mitchell appealed. (CV-09-8089-PCT-DGC, Docs. 57, 67.) The Ninth Circuit affirmed in 2015. *Mitchell v. United States*, 958 F.3d 775 (9th Cir. 2020). The Supreme Court denied certiorari on October 3, 2016. *Mitchell v. United States*, 137 S. Ct. 38 (2016).

Six months later, in April 2016, Mitchell filed a petition against the United States before the Inter-American Commission on Human Rights ("IACHR"). On July 2, 2017, the IACHR issued Precautionary Measures regarding Mitchell's execution. (CR 1 at 10.) Defense counsel referred to these measures in August 2019 as "an injunction against Mr. Mitchell's execution. . . issued . . . several years ago." (CR-01-1062-PCT-DGC, Doc. 606-6 at F-081.) The IACHR issued a Decision on July 14, 2020, and a Report on August 12, 2020. (CR 1 at 10.) Yet it was not until August 20, 2020, six days before his rescheduled execution, that Mitchell filed the instant motion to stop that execution. (CR 1.) His motion should be denied.

Courts should apply a strong equitable presumption against enjoining an execution when the prisoner's argument could have been raised earlier without requiring such relief. Here, at a status conference before this Court on August 15, 2019, Mitchell acknowledged the issue he now raises and announced an intention to pursue it. But he chose not to do so, instead holding the issue in reserve until his execution was rescheduled and another recent stay request denied. Mitchell is now repeatedly seeking serial stays through piecemeal litigation. The strong equitable presumption against a stay under these circumstances calls for the denial of his motion.

Additionally, a court cannot halt an execution absent a showing of likely success on the merits. The premise upon which Mitchell's motion rests has been rejected by every federal court of appeals to address the issue. In the face of that history, Mitchell does not show the kind of probable success necessary to enjoin his execution.

Lastly, the equities cut substantially against Mitchell, who perpetrated gruesome crimes against vulnerable victims and who has enjoyed nearly two decades in which to litigate, including more than three years since the IACHR issued its Precautionary Measures. And he seeks injunctive relief to litigate not asserted innocence or any risk of unconstitutional pain, but rather to convince this Court that it is bound by "an aspirational document" that does not "create any enforceable obligations on the part of any . . . member nations." *Garza v. Lappin*, 253 F.3d 918, 925 (7th Cir. 2001). The strong interests of the

United States, the public, the victims, and victim family members substantially outweigh whatever interest Mitchell has in such an argument.

For these and the following reasons, the motion should be denied.

## DISCUSSION

Standard injunctive principles "apply even in the context of an impending execution." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citing *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012)). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To halt an impending execution, then, an inmate "must demonstrate (1) that he is likely to succeed on the merits of [his] claim, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Alternatively, injunctive relief could be granted if he demonstrated either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005) (internal quotation and brackets omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests." *Id.* (quotation omitted).

Mitchell fails to meet any part of the standard necessary to halt his execution.

### I. Mitchell's Years of Delay Require Denial of his Motion

Because "a stay of execution is an equitable remedy," any "court considering a stay must . . . apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (quoting *Nelson v. Campbell*, 541 U.S. 637, 650 (2004)). Indeed, "before granting a stay [of execution], a district court must consider not only the likelihood of success on the merits and the relative

harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson*, 541 U.S. at 649-50.

The Supreme Court has specifically criticized suits that are "dilatory or speculative" or that seek to employ "[r]epetitive or piecemeal litigation" to delay the carrying out of capital sentences. *Hill*, 547 U.S. at 584-85. Thus, courts also "must take into consideration" an inmate's "attempt at manipulation" and "the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Gomez v. U.S. Dist. Ct. for N. Dist. of California*, 503 U.S. 653, 654 (1992). As the Supreme Court emphasized again just last month, last-minute stays "should be the *extreme exception*, not the norm." *Barr v. Lee*, No. 20A8, 2020 WL 3964985, at *2 (U.S. July 14, 2020) (emphasis added) (quoting *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019)).

Here, there is no reason Mitchell could not have raised this issue years ago, when the IACHR issued Precautionary Measures in July 2017 or, at the very least, nearly a month ago when the IACHR sent notice of its Decision.[1] The issue Mitchell seeks to litigate was well known to him a year ago. At the August 15, 2019 status conference, defense counsel told the Court, "We filed a petition for violation of human rights in the Inter-American Commission on Human Rights. They've issued an injunction against Mr. Mitchell's execution. They issued that several years ago." (CR-01-1062-PCT-DGC, Doc. 606-6 at F-081.) Defense counsel said that if they were unable to resolve the matter with the State Department, "then we would probably need to file something in this Court." (*Id.*)

Mitchell's only defense for waiting until the eve of his rescheduled execution is to claim the motion is "timely" because the government notified him of his new execution date on July 29, 2020, and the IACHR issued its final report on August 12, 2020. But the final report is no more binding on the Court than the Precautionary Measures issued in July 2017. To the contrary, while defense counsel referred to those Measures as "an injunction," the Report contains nothing but recommendations.

---

[1] Mitchell's six-month delay in going to the IACHR in the first place also weighs against his claim.

Holding back on pursuing a claim in order to seek serial stays of execution is a classic example of "piecemeal litigation" that the Supreme Court does not countenance. *Hill*, 547 U.S. at 584-85. If parties could do what Mitchell has done here—obtain a stay to litigate one issue, lose, and only then raise the next issue and seek a further stay—then last-minute stays would be the "norm," not the "extreme exception" the Supreme Court requires. *Lee*, 2020 WL 3964985, at *2; *Bucklew*, 139 S. Ct. at 1134. Because Mitchell has "delayed unnecessarily in bringing the claim," *Nelson*, 541 U.S. at 649-50, which "could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay," *Hill*, 547 U.S. at 584, his motion should be denied.

**II. Mitchell Fails to Show a Likelihood of Success on the Merits**

For all of the reasons described in the government's simultaneously-filed response to Mitchell's § 2255 motion, which the government incorporates by reference herein, Mitchell fails to show a likelihood of success on the merits.

**III. Mitchell Does Not Show Irreparable Injury**

The Supreme Court has held there is no right to a stay "even if irreparable injury might otherwise result," *Nken v. Holder*, 556 U.S. 418, 433 (2009), but it bears noting that Mitchell does not show irreparable injury. While being executed is certainly "irreparable," that is not the relevant "injury" at issue in Mitchell's motion, which does not challenge the lawfulness of his conviction or sentence. Rather, his asserted injury is that he will be unable to "pursue this litigation seeking redress for violations of his rights under the American Declaration." (CR 3 at 6.) As discussed in the government's response to the section 2255 motion, Mitchell has no enforceable rights in this Court under the American Declaration, and the IACHR is not binding on the Court. Mitchell's inability to pursue a meritless claim is not "irreparable injury." This factor does not support staying his execution.

**IV. The Balance of the Equities and the Public Interest Weigh Against a Stay**

While Mitchell's claims of harm are abstract, the interests of the United States, the public, the victims, and their family members are not. "Equity *must* take into consideration the State's strong interest in proceeding with its judgment." *Gomez*, 503 U.S. at 654

(emphasis added). *See also Hill*, 547 U.S. at 584 (recognizing the government's "strong interest in enforcing its criminal judgments"); *Cook v. Ryan*, 688 F.3d 598, 613 (9th Cir. 2012) (recognizing the government's "compelling interest" in seeing a lawful judgment enforced).

The fact that Mitchell's conviction and sentence have been repeatedly upheld, in both direct and collateral appeals, provides the United States with a strong interest in finality. *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998) ("A State's interests in finality are compelling when a federal court of appeals issues a mandate denying federal habeas relief."). Indeed, Mitchell's own case law makes clear that stays of execution should be denied in circumstances like this. (CR 3 at 6-7.)

Mitchell cites Justice Powell's concurrence in *Wainwright v. Booker*, 473 U.S. 935, 937 (1985), an opinion concurring in *vacating* a stay of execution. The government agrees that the concurrence is instructive, but in the government's favor: "None of the many opinions that have been filed in this protracted litigation suggests that respondent is innocent or that his conviction raises any serious constitutional issues," and "[f]or our system of justice to function effectively, litigation in cases such as this one must cease when there is no reasonable ground for questioning either the guilt of the defendant or the constitutional sufficiency of the procedures employed to convict and sentence him." *Id.* Mitchell's piecemeal litigation must cease; this Court should deny his requested stay.

Finality is not just a strong interest of the United States as a litigant. "Finality is essential to both the retributive and the deterrent functions of criminal law," and "[w]ithout finality, the criminal law is deprived of much of its deterrent effect." *Calderon*, 523 U.S. at 554 (quotation omitted). "Only with an assurance of real finality can the State execute its moral judgment in a case" and vindicate the public's "'powerful and legitimate interest in punishing the guilty.'" *Id.* at 556 (quoting *Herrera v. Collins*, 506 U.S. 390, 421 (1993) (O'Connor, J., concurring)). Petitioner's crimes were heinous, cruel, and depraved. The public has a strong interest in executing the moral judgment and just punishment of a penalty imposed in 2003 and repeatedly affirmed since.

And the "balance" of the equities tilts decidedly in the government's favor. Nearly two decades after his crime, Mitchell seeks to again stay his execution for an indefinite period by advancing a claim he has sat on for years and that ultimately involves no allegation of real-world harm.[2] The severe logistical costs of constantly re-mobilizing for a federal execution every time an inmate brings a serial stay motion—costs Mitchell minimizes, but does not deny (*see* CR 3 at 7)—would alone justify denial of a stay.

But this isn't just a question of logistics. Weighing against Mitchell is the "'powerful and legitimate interest in punishing" him for his heinous crime—killing a grandmother and a child—an interest "shared by the State and crime victims alike." *Calderon*, 523 U.S. at 555-56 (quotation omitted). As in any capital case, relatives of the victims have a range of opinions, but numerous members of the victims' family here have long supported a capital sentence for what Mitchell did to their loved ones. (*See, e.g.*, PSR & Attach., Statements of K.H. ("I [am] requesting that the defendant Lezmond Mitchell pay for what he has done to my mother and niece and how he has hurt our family/families. I'm for the death penalty. He knew right from wrong."), B.H. ("He had no respect for life and no remorse for what he did to my grandma and cousin. I want the death penalty for him."), D.H. ("I want Justice which is the death penalty.").) Indeed, Jane Doe's father has already made plans to travel to Terre Haute next week to observe Mitchell's execution, in an effort to attain a measure of peace and finality for crimes committed long ago.

Equity would abhor the notion that Mitchell could, at this late hour, stop his execution once again in order to assert "rights" that no court has ever found to exist. The United States, the public, the victims, and their families "deserve better" than further delays of this lawful, repeatedly-affirmed sentence. *Bucklew*, 139 S. Ct. at 1134.

[2] In fact, Mitchell appears to have recycled his irreparable injury claim from a prior motion to stay regarding the federal execution protocol. (*See* CR 3 at 8 ("The Government's years-long delay in generating any execution protocols dwarfs its expected delay in rescheduling, and undermines any purported claim of urgency.").

## **CONCLUSION**

For the foregoing reasons, Mitchell’s motion should be denied.

Respectfully submitted this 21st day of August, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*/s Krissa M. Lanham*
KRISSA M. LANHAM
WILLIAM G. VOIT
SHARON K. SEXTON
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jonathan C. Aminoff
Email: Jonathan.Aminoff@fd.org
Celeste Bacchi
Email: Celeste_Bacchi@fd.org
Federal Public Defender's Office
Central District of California
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-5374
Facsimile: (213) 894-0310

Attorneys for Defendant Lezmond Charles Mitchell

*/s Krissa M. Lanham*
U.S. Attorney's Office