**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEZMOND C. MITCHELL, *Petitioner-Appellant*, | No. 20-99010 |
| v. | D.C. Nos. 3:20-cv-08217-DGC-ESW 3:01-cr-01062-DGC-1 |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | OPINION |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 23, 2020*
San Francisco, California

Filed August 23, 2020

Before: Sandra S. Ikuta, Morgan Christen, and
Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Habeas Corpus / Death Penalty

The panel denied Lezmond Mitchell's request for a certificate of appealability to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Mitchell's motion asserted that his conviction and death sentence must be vacated, that he must be released or given a new trial, and that he cannot be sentenced to death after a new trial, because an August 12, 2020 report by the Inter-American Commission on Human Rights (IACHR), an organization formed under the auspices of the Organization of American States, concluded that Mitchell's trial and sentence violated his rights under the American Declaration, a statement of human rights norms the United States has adopted.

The panel concluded that reasonable jurists would not find debatable the district court's conclusion that the IACHR's decision is not binding in federal court. The panel concluded that Mitchell therefore did not meet the requirements for a certificate of appealability.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Cuahtemoc Ortega, Interim Federal Public Defender; Jonathan C. Aminoff and Celeste Bacchi, Deputy Federal Public Defenders; Office of the Federal Public Defender, Los Angeles, California; for Defendant-Appellant.

Krissa M. Lanham, Assistant United States Attorney; Michael Bailey, United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

---

## OPINION

PER CURIAM:

Lezmond Mitchell seeks a certificate of appealability so that he may appeal the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] Because the motion did not make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability.

Because we have described the facts of this case in detail in three prior opinions, *see generally Mitchell v. United*

---

[1] The district court entered an order denying Mitchell's "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, in the Alternative, Motion for Relief Pursuant to 28 U.S.C. § 2241," on August 21, 2020, and the district court entered an amended order the next day to "correct[] minor errors in and make[] minor wording changes to the version filed on August 21, 2020." There is no material difference between the two orders, so we simply consider the substance of the district court's ruling, as embodied in both orders.

*States*, 958 F.3d 775 (9th Cir. 2020); *Mitchell v. United States*, 790 F.3d 881 (9th Cir. 2015); *United States v. Mitchell*, 502 F.3d 931 (9th Cir. 2007), we do not repeat them here and instead turn to the matter before us. On August 20, 2020, Mitchell moved in district court to vacate, set aside, or correct his sentence under § 2255 or, in the alternative, under § 2241. His motion asserted that a report issued on August 12, 2020, by the Inter-American Commission on Human Rights (IACHR)—an organization formed under the auspices of the Organization of American States (OAS)—"created rights in Mitchell under international law that are binding on the United States for two reasons: (1) because they are derived directly from the OAS Charter, a treaty within the meaning of the U.S. Constitution; and (2) because they are derived, through the OAS Charter, from the American Declaration, a statement of human rights norms the United States has not only adopted, but helped to draft." Because the IACHR concluded that Mitchell's trial and sentence violated Mitchell's rights under the American Declaration, Mitchell argued, his conviction and death sentence must be vacated, he must be released or given a new trial, and he cannot be sentenced to death after a new trial.

The district court ruled that it had jurisdiction to consider Mitchell's § 2255 motion and that the motion was not an improper "second or successive" motion. *See* 28 U.S.C. § 2255(h).[2] On the merits, the court rejected Mitchell's

[2] The government argues that the district court lacked jurisdiction because Mitchell's motion was an improper "second or successive" motion, for which Mitchell did not have the necessary authorization. 28 U.S.C. § 2255(h). Because we conclude that Mitchell's motion does not make "a substantial showing of the denial of a constitutional right," *id.*

argument that either the OAS Charter or the American Declaration makes an IACHR decision as to a federal criminal case binding as a matter of law. The district court therefore denied Mitchell's § 2255 motion and a motion to stay the execution.[3] The district court also denied a certificate of appealability.

Mitchell may not appeal from the district court's order unless we issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, the applicant must show that "jurists of reason could disagree with the district court's resolution of his [case] or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In making this determination, we are limited "to a threshold inquiry into the underlying merit of [the] claims," *Buck v. Davis*, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327), and this inquiry "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims,'" *id.* at 773 (quoting *Miller-El*, 537 U.S. at 336).

§ 2253(c)(2), we need not reach this issue, *see Lopez v. Ryan*, 678 F.3d 1131, 1139 n.2 (9th Cir. 2012); *see also Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

[3] In his reply brief, Mitchell argued that he was "entitled to bring his claim under section 2241" if the district court held that his motion was an improper "second or successive" motion. The district court did not address this issue given its conclusion that Mitchell's motion was not "second or successive," and because Mitchell does not raise this issue before us, we do not consider it.

We conclude that reasonable jurists would not find debatable the district court's conclusion that the IACHR's decision is not binding in federal court. First, the district court concluded that IACHR rulings do not have binding power within the United States by virtue of the OAS Charter because "[t]he OAS Charter is not self-executing, and Congress has passed no statute to implement it." The district court correctly noted that "every federal court of appeals that has addressed this issue 'has concluded that IACHR decisions do not have domestic legal force.'" Am. Order at 8–9 (citing *Cardenas v. Stephens*, 820 F.3d 197, 203 (5th Cir. 2016); *Tamayo v. Stephens*, 740 F.3d 991, 997–98 (5th Cir. 2014) (per curiam); *In re Hicks*, 375 F.3d 1237, 1241 n.2 (11th Cir. 2004); *Garza v. Lappin*, 253 F.3d 918, 925–26 (7th Cir. 2001); *Roach v. Aiken*, 781 F.2d 379, 381 (4th Cir. 1986) (per curiam)). Second, the district court rejected Mitchell's argument that "IACHR decisions are binding 'because they are derived, through the OAS Charter, from the American Declaration'" on the ground that "[t]he American Declaration 'is not a treaty'" and "creates no binding set of obligations." The district court accurately explained that the IACHR's governing statute, the Statute of Inter-American Commission on Human Rights, does not give the IACHR power to make binding rulings with respect to nations, like the United States, that have not ratified the American Convention. Rather, the IACHR's authority is limited to making non-binding recommendations for human-rights improvements. These conclusions are not reasonably debatable.

In his motion for a certificate of appealability before us now, Mitchell reiterates his argument that the IACHR's final decision gave him a treaty-based right to have the United States respect and enforce the IACHR's determination but

provides no meaningful support for this claim.[4] Nor does Mitchell raise any other argument that would make the district court's conclusions debatable. Under these circumstances, jurists of reason would not debate whether Mitchell's motion makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5] Nor would they conclude that the "issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 327). Because Mitchell has not met the requirements for a certificate of appealability, we may not issue one.

**CERTIFICATE OF APPEALABILITY DENIED**.[6]

---

[4] The district court determined that Mitchell waived the argument, raised for the first time in his reply brief, that even if the OAS Charter is not self-executing, it still may be the source of enforceable rights. Reasonable jurists would not debate the court's conclusion. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). In any event, the court reasonably determined that Mitchell failed to cite any language in the Charter establishing that IACHR decisions could be the source of enforceable rights in federal court, and in the absence of such language, no reasonable jurist would agree with Mitchell's argument. *See Medellin v. Texas*, 552 U.S. 491, 504–06 (2008); *Flores-Nova v. Attorney Gen. of U.S.*, 652 F.3d 488, 494 (3d Cir. 2011) (per curiam).

[5] We assume without deciding that Mitchell's motion raised a claim that he was denied a constitutional right. *See, e.g.*, *Medellin v. Dretke*, 544 U.S. 660, 666 (2005) (per curiam); *Slack*, 529 U.S. at 483–84; *United States v. Mikels*, 236 F.3d 550, 551 (9th Cir. 2001); *Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997).

[6] Because we decline to issue a certificate of appealability, Mitchell may not appeal the district court's order, *see* 28 U.S.C. § 2253(c)(1)(B), and is therefore not entitled to a stay pending appeal. Accordingly, the Motion for a Stay of Execution is **DENIED AS MOOT**.